**DONG QING WANG, Petitioner–Appellant,**

v.

**Alberto R. GONZALES,[1] Attorney General Respondent–Appellee.**

**No. 04–3074–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

Dehai Zhang, Flushing, New York, for Petitioner.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, Barbara M. Bowens, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

Present: CABRANES, WESLEY, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the motion to reopen is denied and the decision of the BIA be and it hereby is AFFIRMED.

Dong Qing Wang, through counsel, petitions for review of a motion to reopen the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Zhao v. U.S. DOJ*, 265 F.3d 83, 90 (2d Cir.2001). An alien is limited to one motion to reopen exclusion or deportation proceedings. *See* 8 U.S.C. § 1229a (c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a (c)(7)(C) (2005); · 8 C.F.R. § 1003.2(c)(2) (2005). A motion that does not comply with these time and numerical limitations can only be brought where the alien can establish "changed country conditions arising in the country of nationality . . . ." 8 U.S.C. § 1229a (c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Such a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1).

In this case, the BIA denied the motion to reopen because the "new" documents bore the dates of 1987, 1989, January 25, 2002, and November 27, 2002, all of which were before its decision on the first motion to reopen, and Wang failed to explain why she did not present the evidence in support

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

of the previous motion. JA at 2 (BIA order).

In her brief in support of the second motion to reopen, Wang argued that because two of the documents were dated November 27, 2002, she was unable to submit them at the time of her first motion in June 2002. *See* Brief for Petitioner at 7. However, the BIA Practice Manual permits filing of supplemental briefs based on new arguments outside the original briefing schedule. *See* BIA Prac. Man. Ch. 4.6(g)(ii). During the time while the BIA's decision was pending between June and December 2002, Wang could have supplemented the brief in support of her first motion to reopen with the additional argument of changed country conditions and provided the November 2002 evidence. Because the evidence was available and could have been presented in support of the prior motion to reopen, the BIA did not abuse its discretion in denying the second motion to reopen